NUMBERS 13-09-00335-CR


 13-09-00336-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ESMERALDA HERNANDEZ A/K/A

ESMERALDA MEJIA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


 Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Esmeralda Hernandez a/k/a Esmeralda Mejia, was indicted by a Nueces
County grand jury for one count of theft, a state-jail felony, in both appellate cause
numbers 13-09-00335-CR and 13-09-00336-CR. See Tex. Penal Code Ann. § 31.03(a)-(b), (e)(4)(D) (Vernon Supp. 2009). The indictments contained enhancement paragraphs
indicating that appellant had previously been convicted of felony theft on October 16, 1992,
and November 15, 1991, and felony aggravated robbery on November 23, 1987, which
thereby subjected appellant to punishment under the habitual-felony-offender statute. See
id. § 12.42(a)(1) (Vernon Supp. 2009) ("If it is shown on the trial of a state[-]jail
felony . . . that the defendant has previously been finally convicted of two state[-]jail
felonies, on conviction the defendant shall be punished for a third-degree felony."). 

 Appellant pleaded guilty to the underlying offenses and to the enhancement
paragraphs. The trial court accepted appellant's pleas, entered a finding of guilt as to the
underlying offenses and a finding of "true" as to the enhancement paragraphs, and
sentenced appellant to eight years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice, with no fine for each count. See id. § 12.34 (Vernon Supp.
2009) (providing that an individual found guilty of a third-degree felony shall be punished
for a term of confinement of not more than ten years or less than two years). The trial
court ordered that the sentences imposed were to run concurrently.

 Appellant's appellate counsel, concluding that there are "no meritorious issues to
bring forward for review," filed Anders briefs in both appellate cause numbers, in which she
reviewed the merits, or lack thereof, of the appeals. We affirm the judgments as modified. (1)

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that her review
of the record yielded no points of error upon which an appeal can be predicated. 
Counsel's brief meets the requirements of Anders as it presents a professional evaluation
showing why there are no non-frivolous grounds for advancing on appeal. See Anders,
386 U.S. at 744; see also In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App.
2008); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgments. Counsel has informed this Court that she has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the briefs and counsel's motions to withdraw on appellant, and (3) informed
appellant of her right to review the record and to file a pro se response in each case. (2) See
Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252
S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has
not filed a pro se response in either case. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether these cases are wholly frivolous. Penson v. Ohio, 488
U.S. 75, 80 (1988). We have reviewed the entire record in both appellate cause numbers
and counsel's briefs and have found nothing that would arguably support an appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgments of the trial court as modified. 

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel in both appellate cause numbers. See Anders, 386 U.S. at 744;
see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776,
779-80 (Tex. App.-Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous,
he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's
motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered
to send a copy of the opinion and judgment to appellant and advise appellant of her right
to file a petition for discretionary review. (3) See Tex. R. App. P. 48.4; see also In re
Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim.
App. 2006). 

 _______________________ 

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the

13th day of May, 2010. 
1. The trial court's judgments in these matters do not indicate that appellant pleaded "true" to the
enhancement paragraphs contained in the indictments for both appellate cause numbers. However, after
reviewing the reporter's record, it is clear that appellant, in open court, pleaded "true" to the enhancement
paragraphs contained in both indictments. Therefore, because we have the necessary information for
reformation, we modify the trial court's judgments to reflect that appellant pleaded "true" to each of the
enhancement paragraphs contained in the underlying indictments. See Tex. R. App. P. 43.2(b); see also
Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should appellant wish to seek further review of these cases
by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.